UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:07-CV-067

**AMANDA BARKER**                                                                                           **PLAINTIFF**

**V.**

**ROBERT LLOYD,**
**THYSSENKRUPP LOGISTICS, INC., and**
**ALLSTATE INSURANCE COMPANY**                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendant Allstate Insurance Company for summary judgment. (DN 23) Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **GRANTED**.

### I. FACTS

The Plaintiff alleges that Defendant Robert Lloyd ("Lloyd") negligently and carelessly operated a truck owned by Defendant Thyssenkrupp Logistics, Inc. ("Thyssenkrupp") and caused an accident on November 9, 2005. The Plaintiff has asserted claims against Lloyd and Thyssenkrupp and against her automobile insurance company, Allstate Insurance Company ("Allstate"), for the underinsured motorist benefits provided by her Allstate policy. At that the time of the accident, Lloyd and Thyssenkrupp were insured by Wasau Insurance Companies under a policy with a liability limit of two million dollars per accident. The Plaintiff claims that she suffered damages in the amount of $1,120,438.00 as a result of the accident caused by Lloyd.

### II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

### III. ANALYSIS

In its motion, Allstate argues that it should be dismissed from the lawsuit since its coverage would not be "triggered" even if the Plaintiff is awarded the amount claimed. The Plaintiff does not dispute the facts or argument presented by Allstate, but contends that Allstate's motions should be denied because discovery is not complete.

Rule 56(b) of the Federal Rules of Civil Procedure permits a defending party to move for summary judgment "at any time"- even before any discovery has been taken. A plaintiff that seeks to avoid summary judgment by arguing that further discover is necessary must file an affidavit or motion that indicates to the district court "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004)(citing Fed. R. Civ. P. 56(f)); see also Short v. Oaks Corr. Facility,

2

129 Fed. Appx. 278, 280-281 (6th Cir. 2005). Indeed, the Sixth Circuit has held that it not an abuse of discretion for a district court to deny a request for additional discovery when the party 'makes only general and conclusory statements...regarding the need for more discovery and does not show how an extension of time would have allowed any [relevant] information....to be discovered." Ball, 385 F.3d at 720 (quoting Ironside v.Simi Valley Hosp., 188 F.3d 350, 354 (6th Cir. 1999)). "It is not enough to state that discovery is needed without explaining why it is needed." Short, 129 Fed. Appx. at 283.

The Plaintiff here has not filed a Rule 56(f) affidavit or given the Court any indication what facts it hopes to uncover through additional discover or how those facts would affect the Court's resolution of Allstate's pending motion. She has simply stated that Allstate's motion should be denied because "discovery is not complete." This is clearly not technically nor substantively sufficient. Thus, because the Plaintiff does not dispute the facts or arguments presented by Allstate in its motion, the Court concludes that Allstate is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment is **GRANTED**. **IT IS SO ORDERED**.

cc: Counsel of Record